# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RANITA RAILEY, individually and on behalf of all others similarly situated,, <br><br> Plaintiff, <br><br> v. <br><br> SUNSET FOOD MART, INC., <br><br> Defendant. | |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Sunset Food Mart, Inc. ("Sunset" or "Defendant") hereby removes the civil action pending in the Circuit Court of Cook County, Illinois, Chancery Division, Case No. 2019-CH-02122, to the United States District Court for the Northern District of Illinois, Eastern Division.  In support of removal, Sunset states as follows:

1. On February 19, 2019, Plaintiff Ranita Railey commenced an action against Sunset by filing in the Circuit Court of Cook County, Illinois a Complaint styled as *Ranita Railey, individually, and on behalf of all others similarly situated v. Sunset Food Mart, Inc.*, Case No. 2019-CH-02122. (**Exhibit A,** Complaint and Executed Waiver of Service).  The Complaint seeks relief under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, including, among other things, damages of $1,000 to $5,000 for *each* violation of Sunset's negligent and/or reckless violations of BIPA.  (**Ex. A,** Compl ¶¶ 26-42).

2. Plaintiff worked for Sunset as a General Clerk at its Lake Forest, Illinois location from January 2016 through January 2018.  (**Ex. A**., Compl. ¶ 2).  Plaintiff alleges that she and the putative BIPA Class members had their biometric information collected when they were "required

to place their entire hands on a panel to be scanned in order to 'clock in' and 'clock out' of work." (**Ex. A**, Compl. ¶ 11).

3. Sunset was served with the Complaint on February 26, 2019 at which time Sunset executed a waiver of service. (*See* **Ex. A,** Executed Waiver of Service).

4. On September 10, 2020, Sunset served on Plaintiff its First Set of Discovery Requests. The First Set of Discovery Requests included Interrogatories. (**Ex. B).**

5. On October 15, 2020, in response to Sunset's First Set of Discovery Requests, Plaintiff, for the first time in this litigation, stated that she was represented by a collective bargaining representative during the time she alleges Sunset collected her biometric information. (**See Exhibit B**). Specifically, Plaintiff responded to Sunset's Interrogatory Nos. 9-11 as follows:

> **INTERROGATORY NO. 9**: Identify all unions or collective bargaining representative which you are or were affiliated with during your employment by Defendant, including the dates encompassing your affiliation(s).
>
> **RESPONSE**: Plaintiff objects to the term "collective bargaining representative" as vague and undefined. Subject to and without waiving this objection, Plaintiff does not recall the name of the union with which she was affiliated during her employment. **Plaintiff recalls only that she was a union member from January 2016 until she was promoted to Assistant Deli Manager in January 2018.**
>
> **INTERROGATORY NO. 10**: Identify any person designated as your union or collective bargaining representative for any and all unions which you are or were affiliated with during your employment by Defendant.
>
> **RESPONSE**: Plaintiff objects to Interrogatory No. 10 as duplicative of Request No. 9. See Plaintiff's objection and answer to Interrogatory No. 9.
>
> **INTERROGATORY NO. 11**: Identify the first time that you allegedly used the ADP Full Hand Punch, model HP-4000, time clock.
>
> **RESPONSE: Plaintiff first used the biometric time clock on Defendant's premises at or around the time her employment began, in January 2016**.

(*See* **Ex. B** (emphasis added)).

6. This Court has original jurisdiction under 28 U.S.C. § 1331, and the case may be removed in accordance with 28 U.S.C. § 1441 because Plaintiff's sought-after relief is preempted by

2

Section 301 of the Labor Management Relations Act (29 U.S.C. § 185) ("LMRA"). *See Miller v. Sw. Airlines Co.*, 926 F.3d 898, 903 (7th Cir. 2019) ("[I]f a dispute necessarily entails the interpretation or administration of a collective bargaining agreement, there's no room for individual employees to sue under state law.") (RLA context; but acknowledging application of this principle in the LMRA context); 29 U.S.C. § 185(a); *see also Gray v. Univ. of Chicago Med. Ctr., Inc.*, No. 19-CV-04229, 2020 WL 1445608, at **3-5 (N.D. Ill. Mar. 25, 2020) ("The rule and reasoning of *Miller* apply to the LMRA because the RLA preemption standard is 'virtually identical to the pre-emption standard the Court employs in cases involving § 301 of the LMRA.'") (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 260 (1994))); *Peatry v. Bimbo Bakeries USA, Inc.*, No. 19 C 2942, 2020 WL 919202, at *3 (N.D. Ill. Feb. 26, 2020) (same); *see generally Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 408–09 (1988). In turn, this means that Sunset is "entitled to remove the suit to federal court under the federal-question jurisdiction," regardless of whether plaintiffs "attempted to frame a complaint relying entirely on state law." *Miller*, 926 F.3d at 904-05; *see also Frisby v. Sky Chefs, Inc., 2020 WL 4437805*, at *4 (N.D. Ill. Aug. 3, 2020) ("[plaintiff's] BIPA and negligence claims involve data privacy rights common to all of the defendants' employees and deal with a mandatory subject of collective bargaining: the mechanism through which workers clock in and out."); *Fernandez v. Kerry, Inc.*, No. 17 C 8971, 2020 WL 1820521, at *6 (N.D. Ill. Apr. 10, 2020) ("In any case, the important point is that the Seventh Circuit has concluded that it is not possible to resolve a BIPA dispute over fingerprint time clocks without reference to the collective bargaining agreement.").

7. Given that (a) the Complaint does not allege Plaintiff had a collective bargaining representative at the time she allegedly utilized the time-keeping device identified in the Complaint, and (b) Sunset did not receive any other pleading or other paper that affirmatively and unambiguously disclosed Plaintiff's representation by a collective bargaining representative during the time period where she allegedly utilized the time-keeping device identified in the Complaint until

3

October 15, 2020, this Notice of Removal is timely. *See Walker v. Trailer Transit, Inc.,* 727 F.3d 819, 825 (7th Cir. 2013) ("Assessing the timeliness of removal should not involve a fact-intensive inquiry about what the defendant subjectively knew or should have discovered through independent investigation. [citation] Again, as the text of the rule itself makes clear, the 30-day clock is triggered by pleadings, papers, and other litigation materials actually received by the defendant or filed with the state court during the course of litigation.") (citations omitted).

8. This Notice of Removal is timely because it is being filed within 30 days of Sunset's receipt of "other paper" in the form of Plaintiff's Answers to Sunset's First Set of Interrogatories, first stating affirmatively and unambiguously that Plaintiff was represented by a collective bargaining representative upon her hire and during the time she alleges Sunset's violations of the BIPA occurred. *See* 28 U.S.C. § 1446(b)(3); *see also Ayotte v. Boeing Co.*, 316 F. Supp. 3d 1066, 1073 (N.D. Ill. 2018) (denying Motion to Remand after defendant removed under "federal officer removal" seven months into litigation because it "was not revealed until March 13, 2018, when Boeing obtained Plaintiff's military records showing that several of the aircraft he worked on were manufactured by Boeing for the U.S. military. Plaintiff counters that Boeing could have readily discerned a basis for removal earlier, either from his original complaint or from his pretrial disclosures filed in November 2017, because it was clear from those documents that Plaintiff was claiming exposure to asbestos during his time in the U.S. military. The Court agrees with Boeing."); *see also Gross v. FCA US LLC*, No. 17 C 4889, 2017 WL 6065234, at *3 (N.D. Ill. Dec. 7, 2017). ("[W]hat a defendant might have discovered by following up on clues or suggestions that federal jurisdiction may exist is irrelevant to the timeliness inquiry."); *Calvert v. Office Depot, Inc.*, No. 14-CV-6145, 2014 WL 7055460, at *2 (N.D. Ill. Dec. 11, 2014) (rejecting argument that "clues regarding [plaintiff's] citizenship" triggered the 30-day clock).

9. Because Sunset removes on the basis that the "court's jurisdiction is based on federal question jurisdiction, not diversity of citizenship, removal is permitted more than one year after the commencement of the action." *Moran v. Rush Prudential HMO, Inc.*, No. 98 C 0442, 1999 WL 181990, at *2 (N.D. Ill. Mar. 24, 1999) (denying a motion to remand after case was removed based on ERISA preemption more than a year after the suit was commenced).

10. Because this action is brought in the Circuit Court of Cook County, Illinois, venue for purposes of removal is proper in this Court under 28 U.S.C. § 93(a)(1): this District and this Division embraces Cook County, Illinois, the place where the removed action has been pending. *See* 28 U.S.C. § 93(a)(1); 28 U.S.C. § 1441(a).

11. In accordance with 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served on Defendant have been attached as **Exhibits A & C**.

12. In accordance with 28 U.S.C. §1446(d), Sunset will promptly provide written notice to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Court for the Circuit Court of Cook County, Illinois.

**Dated: November 13, 2020**　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　*Sunset Food Mart, Inc.*

　　　　　　　　　　　　　　　　　　　　　　*/s/ Andrew R. Cockroft*
　　　　　　　　　　　　　　　　　　　　　　One of Their Attorneys

Noah A. Finkel
nfinkel@seyfarth.com
Thomas E. Ahlering
tahlering@seyfarth.com
Andrew R. Cockroft
acockroft@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
(312) 460-5000

66421364v.3

## **CERTIFICATE OF SERVICE**

I, Andrew R. Cockroft, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **NOTICE OF REMOVAL**, to be filed through the Court's CM/ECF system, and will serve the below Counsel of Record via email and Federal Express:

>Alejandro Caffarelli
>acaffarelli@caffarelli.com
>CAFFARELLI & ASSOCIATES LTD.
>224 S. Michigan Avenue, Ste. 300
>Chicago, IL 60604
>Margherita Albarello
>DI MONITE & LIZAK, LLC
>216 Higgins Road
>Park Ridge, IL 60068

*/s/ Andrew R. Cockroft*

66421364v.3